UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NEW CINGULAR WIRELESS,                              CIVIL ACTION
PCS, LLC

VERSUS

LIVINGSTON PARISH,                             NO. 25-00714-BAJ-RLB
LOUISIANA, ET AL.

RULING AND ORDER

Before the Court is Defendants Livingston Parish, the Livingston Parish Government, the Livingston Parish Council, and Randy Delatte, in his official capacity as Parish President's **Motion for Judgment on the Pleadings On Defense of Untimeliness (Doc. 13).** Plaintiff New Cingular Wireless, PCS, LLC d/b/a AT&T Mobility ("AT&T"), opposes the Motion. (Doc. 15). Defendant filed a Reply Memorandum. (Doc. 19). Plaintiff filed a Sur-reply. (Doc. 23). For the following reasons, Defendant's Motion is **DENIED.**

## I.    BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Defendants' denial of a zoning variance permit Plaintiff sought to construct a cell phone tower in Livingston Parish. (Doc. 21 at 1-2). Plaintiff alleges Defendants improperly denied their permit application because it "was not supported by substantial evidence contained in a written record," among other reasons, in violation of the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7) ("the TCA"). (Doc. 1 at 2). Plaintiff seeks declaratory judgment and "an injunction requiring Defendants to issue the appropriate approvals to allow for the construction

of the proposed telecommunications tower". (Doc. 23 at 3). Plaintiff alleges the following facts relevant to the instant Motion.

Plaintiff submitted its permit application to Defendants on November 4, 2024. (Doc. 1 at ¶ 50). On March 6, 2025, the Planning Commission held a hearing and unanimously voted to forward Plaintiff's application to the Parish Council conditioned on Plaintiff acquiring some additional documents. (*Id.* at ¶ 58). On June 12, 2025, the Parish Council held a meeting and, after much discussion, orally denied Plaintiff's application. (*Id.* at ¶¶ 59–68; Doc. 23 at 2-3). Plaintiff alleges that the minutes from this meeting were approved on July 10, 2025, and "do not provide reasons for the denial of the [a]pplication" as required by the TCA. (*Id.* at ¶¶ 69, 71).

Plaintiff filed suit in this Court on August 8, 2025. (Doc. 1). Defendants now move for judgment on the pleadings, asking the Court to find that Plaintiff's suit is time-barred. (Doc. 13 at 1). For the following reasons, the Motion will be **DENIED**.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion brought pursuant to Rule 12(c) is designed to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller,

2

Federal Practice and Procedure § 1367, at 509–10 (1990)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Tr. Co.*, 313 F.3d at 312 (internal citations omitted).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (internal citations omitted). "The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* at 312–13 (internal citations omitted). The Court will not, however, "accept as true conclusory allegations or unwarranted deductions of fact." *Id.* at 313 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (addressing Rule 12(b)(6) standard)) (quoting *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (internal citations omitted).

## III.    DISCUSSION

Defendants' Motion asks the Court to dismiss Plaintiff's suit because "the action complained of occurred on June 12, 2025," and Plaintiff's Complaint (Doc. 1) was filed on August 8, 2025, which Defendants argue is not "within the 30 day period allowed to bring a claim under [the TCA]". (Doc. 13 at 1). Plaintiff opposes the Motion, arguing that "the thirty-day deadline for filing suit in this matter began to run July 10, 2025, the date the Parish Council adopted and published the minutes from the June 12, 2025 Parish Council meeting" and thus its Complaint is timely filed. (Doc. 15 at 2).

Essentially, the Court must determine the relevant date that triggers the thirty-day statute of limitations to file a claim pursuant to the TCA. The relevant statutory language states:

> (iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities **shall be in writing** and supported by substantial evidence contained in a written record.
> . . .
> (v) Any person adversely affected by **any final action** or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis.

47 U.S.C. §§ 332(c)(7)(B)(iii), 332(c)(7)(B)(v) (emphasis added).

The Parties appear to dispute what is the relevant final action. (Doc. 13-1; Doc. 15 at 4). However, this is a settled question of law. *T-Mobile S., LLC v. City of Roswell, Ga.*, 574 U.S. 293, 305 n.4 (2015) ("The relevant 'final action' is the issuance of the

4

written notice of denial."); *see also Preferred Sites, LLC v. Troup Cnty.*, 296 F.3d 1210, 1217 (11th Cir. 2002) ("The 'final action' which triggers the running of the 30–day statute of limitations, therefore, is the state or local authority's issuance of its decision in writing."); *New Cingular Wireless PCS, LLC v. City of Jennings*, 2023 WL 6209078, at *2 (W.D. La. Sept. 22, 2023) ("Under the TCA, '[t]he relevant 'final action' is the issuance of the written notice of denial ....'" (internal citations omitted)).

The TCA requires that any decision denying a request to build "personal wireless service facilities," such as the cell phone tower Platiniff seeks to construct, be in writing, full stop. 47 U.S.C. §§ 332(c)(7)(B)(iii). Plaintiff alleges that the only writing denying the permit Plaintiff sought was the minutes from the June 12, 2025 Parish Council meeting, which were not published until July 10, 2025. (Doc. 15 at 4). Defendants fail to point to any other writing that could plausibly satisfy the statute's requirements. The publication of the minutes is thus the relevant final action and July 10, 2025, is the date upon which the statute of limitations began to run, making Plaintiff's Complaint timely. *Athens Cellular, Inc. v. Oconee Cnty., Georgia*, 886 F.3d 1094, 1107 (11th Cir. 2018) (holding that the statute of limitations under the TCA began to run once the relevant local board approved the minutes of the meeting at which the vote was taken). Defendants cite no case law for their contention otherwise, nor do they appear to dispute the date upon which the meeting minutes were adopted or published. Defendants later attempt to argue in their Reply brief that the TCA is not the applicable law. (Doc. 19 at 1). This argument not only falls flat but, as Plaintiff points out, must be disregarded. *See, e.g., Dugas v. Vannoy*, 2023 WL 8244288, at *1

5

n.2 (M.D. La. Nov. 28, 2023) (citing *Little Tchefuncte River Ass'n v. Artesian Utility Company, Inc.*, 155 F. Supp. 3d 637, 657 (E.D. La. Dec. 11, 2015) ("[A]rguments cannot be raised for the first time in a reply brief.")).

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Judgment on the Pleadings on Defense of Untimeliness (Doc. 13)** is **DENIED.**

Baton Rouge, Louisiana, this 30th day of March, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**